## L. M. DAYTON *v.* NEWPORT WATER WORKS.

[Abstract Kentucky Law Reporter, Vol. 4—354.]

**Bad Answer Is Good Enough for Bad Petition.**

A bad answer is good enough for a bad petition.

**Burden of Proof.**

In an action to recover water rental at an established rate, the burden is on the plaintiff to show that the rates had been fixed by them.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

October 26, 1882.

OPINION BY JUDGE PRYOR:

We have again considered the questions arising on the demurrer to appellant's answer and in going back to the petition it does not appear that any rates had been fixed by the trustees for the water furnished the city, or that it was ever furnished from the water works under the control of the trustees. It is averred that the water was furnished at the established rate. How the rate was fixed, by whom, and in what manner does not appear. The an-

swer is certainly as good as the petition, and if the admission by the appellant that he got the water cures the defect in the petition it puts in issue the right of the appellees to charge ten cents per thousand gallons, and this involves not only their authority but their action as a board. To recover, conceding the petition to be good, it was incumbent on them to show that the rates had been fixed by them, and the answer was good to that extent. Whether the city had the right to discriminate in favor of the appellant is a question that can not be decided until the issues are properly made. The former opinion is withdrawn and this substituted.

The judgment is *reversed* and cause remanded with directions to permit the parties to amend their pleadings and for further proceedings consistent with this opinion.

*A. T. Root*, for appellant.

*J. R. Hallam*, for appellee.

